TWINING v. THE CITY OF BURLINGTON.

1. **Adverse Possession as against the Government:** TITLE BY PRESCRIPTION. Continued possessions of land cannot in any case ripen into a title by prescription as against the United States; neither can such title be founded upon mere possession by sufferance, without color of title or claim of right.

*Appeal from Des Moines District Court.*

WEDNESDAY, MARCH 17.

THE paintiff is the owner of lot 993, in the City of Burlington. He acquired title thereto in the year 1886. He claims to be the owner of a parcel of land which adjoins said lot. The city of Burlington also claims to own the same, and this action was brought by the plaintiff to quiet his alleged title to said tract adjoining lot numbered 993. Upon a trial to the court there was a decree dismissing the plaintiff's petition, and he appeals.

*J. T. Illick*, for appellant.

*J. J. Seerley*, for appellee.

ROTHROCK, J.—The city of Burlington was laid out and platted upon the public lands of the United States by act of congress of July 2, 1836. The act provided that a quantity of land of proper width on the river bank, and running with said river the whole length of the town, should be reserved from sale "for public use, and remain forever for public use, as public highways, and for other public uses." By a subsequent act of congress, approved February 14, 1853, the reserved strip of land was granted to the city, to be disposed of in such a manner as the "corporate authorities may direct, subject to the rights of third persons thereon, or to the use thereof." The plaintiff claims that this reserved strip of land along the river bank is in part bounded by lot 993, of which he is the owner, and that he, and those under whom he claims, took actual possession of the land in dispute many years ago, and inclosed and improved it, and that, such possession being adverse, under claim of right, the city is estopped from now making any claim to it. The city claims that the land in dispute is not a part of the original reservation, but that it is away from the river bank, and above the river bluff, and that the title thereto remained in the United States until the year 1882, when by the act of congress it was granted to the city.

In our opinion, the evidence in the case shows that the land in dispute was not a part of the original reservation. It was no part of the margin or bank of the river. The plaintiff, therefore could acquire no prescriptive right as against the government. The land was public land, the title to which was in the United States. But if we were to concede that the land in dispute is part of the original reservation, and that the title thereto passed to the city under the act of 1853, the plaintiff has acquired no prescriptive right against

the city, because the city has done no act which estops it from claiming the land as belonging to the public. It has not assessed the land for taxation, nor done any other act which should estop it from now asserting ownership and control of the property. Whatever has been done by the plaintiff in the way of improvements has been by mere sufferance of the city authorities, and with a full knowledge upon the plaintiff's part that he had no color of right to the property.

We think the decree of the court is correct.

AFFIRMED.